John P. Cohalan, Jr., J.
Defendant Newman moves for an order ‘ ‘ pursuant to Sections 5001 and 5019 of the Civil Practice Law & Rules, striking out the addition of interest in the purported Judgment and Judgment Roll from the date of the initial incident, namely, December 16, 1957 in the sum of $3,315.00 and for a further order striking out the provision for $102.00 interest *393 on the recovery of the infant’s father, Irving Grlassman, also added from December 16, 1957
This action seeks damages for malpractice. The action was tried upon the theory of damages for personal injuries resulting from malpractice and not upon any theory of damages for breach of contract or implied warranties.
Concerning this subject and its application to CPLR 5001 David D. Siegel in Supplementary Practice Commentary (McKinney’s Cons. Laws of N. Y., Book 78, CPLR [1965 Supp.], p. 53) states the following: “ The Legislature refused again in 1965 to allow pre-verdict interest for personal injury in negligence cases. It is apparently satisfied that the damages verdict itself takes into consideration the delay in collection and thus makes the plaintiff whole.”
Elements of damages in malpractice actions are also discussed in New York Jurisprudence (vol. 45, Physicians and Surgeons, § 227, p. 412) as follows: “ The measure and elements of damages in malpractice actions based on negligence, are in the main, based upon the same rules and principles which govern the measure and elements of damages in personal injury actions generally. Thus, the fundamental rule that the damages recoverable are only those which are the natural and probable consequences of the wrongful act or breach of contract complained of is the governing rule in actions for malpractice; that is, a physician or surgeon is liable only for such damages as are the proximate result of his negligence.”
No authority has been cited which changes the applicable rule of damages in malpractice actions. Interest may be added to the verdict from the date of rendition of the verdict, June 9, 1966. The motion to strike the interest as provided in the judgment is granted except as hereinabove provided. The order to be entered shall provide for correction of the judgment accordingly.